UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMEL GRAHAM,                                                              **NOTICE OF REMOVAL**

                           Plaintiff,                               CV-17-1487

         -against-

POLICE OFFICERS EDDIE W. SANTIAGO,
*Shield No. 9132* and LIEUTENANT MARIO
NICHOLAS,

                      Defendants.
----------------------------------------------------------------X

**TO:**   **THE UNITED STATES DISTRICT COURT,**
       **EASTERN DISTRICT OF NEW YORK**

     Defendants POLICE OFFICER EDDIE W. SANTIAGO and LIEUTENANT MARIO

NICHOLAS (hereinafter referred to as "Defendants") by and through their attorney, Zachary W.

Carter, Corporation Counsel of the City of New York, respectfully show this Court as follows:

     1.     On November 19 2016, plaintiff JAMEL GRAHAM (hereinafter referred to as

"Plaintiff") commenced the above-captioned civil action in the Supreme Court of the State of

New York, County of Kings, of which a trial has yet to be held.  A copy of plaintiff's Summons

with Notice and a Verified Complaint are annexed hereto as **Exhibit A**.

     2.     Upon information and belief, on February 22, 2017, the plaintiff served a

Summons with Notice and a Verified Complaint upon the Defendant Lt. Nicholas, naming " P.O.

EDDIE W. SANTIAGO[1] and LIEUTENANT MARIO NICHOLAS" as defendants, and setting

forth the claims for which the action is based.

     3.     To date an Answer has not been interposed on behalf of the defendants.

---

[1] Upon information and belief, Defendant P.O. Santiago was not served with a copy of the Summons with Notice and Verified Complaint. Defendant Santiago's appearance is for the limited purpose of effectuating this removal. Defendant Santiago does not waive any affirmative defenses regarding personal jurisdiction by the filing of this Notice of Removal.

4.      Plaintiff brings this lawsuit, alleging *inter alia*, that defendants violated "plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution." See Verified Complaint, **Exhibit A**, ¶ 1.

5.      The above-captioned action is a civil action of which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges claims arising under the laws of the United States. The action is therefore removable to the United States District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. § 1441(b).

6.      Furthermore, since the state and federal claims within plaintiff's Complaint arise out of a common nucleus of operative facts, namely, the alleged police conduct during plaintiff's arrest and subsequent prosecution, both state and federal claims form part of the same case or controversy under Article III of the United States Constitution, and therefore this Court's exercise of supplemental jurisdiction is appropriate. See Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F.2d 1228, 1247 (2d Cir. 1979) (both state and federal claims were linked by the hostility of Union officials toward appellees' assertion of their § 101 rights); see also Dunlop v. City of New York, 2006 U.S. Dist. LEXIS 72315 (S.D.N.Y. 2006) (plaintiff's state and federal claims arise out of a common nucleus of operative facts).

7.      This Notice of Removal is timely because it is being filed within thirty (30) days after service of the initial pleading upon defendant, Lt. Nicholas. See 28 U.S.C. § 1446(b).

8.      In the context of removal under 28 U.S.C. § 1441(a), the requirement of unanimity does not extend to unserved, let alone unidentified "JOHN DOE" defendants. See

<u>Varela v. Flintlock Constr., Inc.</u>, 148 F. Supp. 2d 297 (S.D.N.Y. 2001); <u>see</u> <u>also</u> <u>Bowen v. Home</u>

<u>Depot</u>, 2001 U.S. Dist. LEXIS 12100 (E.D.N.Y. 2001).

9.      Defendants will promptly file a copy of this Notice of Removal with the Clerk of

the state court in which the action has been pending.

**WHEREFORE** Defendants POLICE OFFICER EDDIE W. SANTIAGO and

LIEUTENANT MARIO NICHOLAS respectfully request that this action be removed from the

Supreme Court of the State of New York, County of Kings, to the United States District Court

for the Eastern District of New York.

Dated: New York, New York
       March 16, 2017

                                        Respectfully Submitted,

                                        **ZACHARY W. CARTER**
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants, P.O. Eddie Santiago and*
                                        *Lt. Mario Nicholas*
                                        100 Church Street
                                        New York, NY 10007
                                        Tel.: (718) 620-1023


                                        By:    __/s/_____
                                               Julie A. Ortiz (JR-1817)
                                               *Assistant Corporation Counsel*



TO:    Jacobs & Hazan LLP
       *Attorneys for Plaintiff*
       11 Park Place, 10th Floor
       New York, New York 10007
       (212) 577-2690

**<u>AFFIRMATION OF SERVICE</u>**

State of New York      :

                     SS:

County of New York :

The undersigned, an attorney duly admitted to practice in the courts of the New York shows that she is employed in the office of the Corporation Counsel of the City of New York and affirms this statement to be true under the penalties of perjury pursuant to Rule 2106 of the CPLR:

That on the 16th day of March, 2017, she served the annexed **NOTICE OF REMOVAL, AFFIRMATION CONCERNING REMOVAL and CIVIL COVER LETTER** upon:

Jacobs & Hazan LLP
*Attorneys for Plaintiff*
11 Park Place, 10th Floor
New York, New York 10007
(212) 577-2690

being the address within the State theretofore designated by him/her for that purpose, by causing to be deposited a copy of the same, enclosed in a prepaid wrapper in a post office box situated at 100 Church Street in the Borough of New York, City of New York, regularly maintained by the Government of the United States in said City.

Dated: New York, New York
        March 16th, 2017

_____/s/_____
JULIE A. ORTIZ (JR-1817)
*Assistant Corporation Counsel*
